# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 7, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| STEVEN JAHN, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 21-1846V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Dismissal Decision; Failure to Prosecute; |
| AND HUMAN SERVICES, | * | Insufficient Proof; Entitlement. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Steven Jahn, pro se, Zephyrhills, FL, for Petitioner
Catherine Elizabeth Stolar, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

**I.      INTRODUCTION**

On September 13, 2021, Steven Jahn ("Petitioner") filed a pro se petition for compensation in the National Vaccine Injury Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2]  Petitioner alleges that he suffered transverse myelitis ("TM") as a result of an influenza ("flu") vaccination on September 11, 2018.  Petition at Preamble (ECF No. 1).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the Internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012).  All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

Based on the reasons set forth below and in the Show Cause Order dated May 24, 2022, and for failure to comply with the Show Cause Order, the undersigned **DISMISSES** this case for failure to prosecute and insufficient proof.

Moreover, the undersigned finds that Petitioner has failed to prove by preponderant evidence that the vaccination allegedly administered to him on September 11, 2018 caused any injury.  See Althen v. Sec'y of Health & Hum. Servs., 418 F.3d 1274, 1280 (Fed. Cir. 2005). Thus, the undersigned finds Petitioner is not entitled to compensation.

## II.    BACKGROUND

### A.    Procedural History

On September 13, 2021, Petitioner filed a petition, alleging that he suffered TM as a result of a flu vaccination on September 11, 2018.  Petition at Preamble.

The case was assigned to the undersigned on September 14, 2021, and the undersigned scheduled a status conference for October 21, 2021.  Notice of Reassignment dated Sept. 14, 2021 (ECF No. 7); Order dated Sept. 30, 2021 (ECF No. 11).  Petitioner did not appear during the scheduled status conference and the undersigned rescheduled the conference for November 2, 2021.  Order dated Oct. 26, 2021 (ECF No. 12).  Petitioner again failed to appear at the rescheduled status conference on November 2, 2021, and the undersigned issued an order requesting Petitioner file medical records and an affidavit in accordance with the Vaccine Rules and Guidelines.  Order dated Nov. 2, 2021 (ECF No. 13).

Petitioner missed the deadline to file medical records on January 4, 2022, and on January 6, the undersigned issued an order extending Petitioner's deadline by 60 days.  Order dated Jan. 6, 2022 (ECF No. 14).  The undersigned warned Petitioner that continued failure to follow directions from the Court would result in an order to show cause and the case could be dismissed.  Id.  On March 7, 2022, Petitioner again missed the deadline to file medical records as requested by the undersigned.  Order dated Mar. 23, 2022 (ECF No. 15).  The undersigned issued an order extending Petitioner's deadline an additional 60 days, and again warned that failure to comply with the deadline may result in an order to show cause.  Id.

Petitioner missed his third deadline to file medical records on May 20, 2022. Accordingly, on May 24, the undersigned issued an Order to Show Cause, stating that Petitioner had repeatedly failed to file medical records requested by the Court and warning that if Petitioner did not file medical records in compliance with the Order to Show Cause, the case would be dismissed.  Order to Show Cause dated May 24, 2022, at 1-2 (ECF No. 17) ("Petitioner is ordered to show cause why this case should not be dismissed by filing evidence that Petitioner received the flu vaccine and suffered from TM or a similar illness.").

Petitioner repeatedly called the undersigned's Chambers throughout July 2022.  The undersigned's former law clerk spoke with Petitioner on July 27, 2022 regarding the Order to Show Cause, the medical records needed, and how to get an attorney.  That same day, Petitioner e-mailed Respondent's counsel and the undersigned's law clerk requesting a motion for

extension of time.  Despite the deadline from the Order to Show Cause having passed, Respondent e-mailed he had no objection.  The undersigned granted Petitioner's motion and extended Petitioner's deadline to file medical records and an affidavit an additional 60 days.  Order dated July 27, 2022 (ECF No. 19).  This Order again warned that failure to file medical records by September 26, 2022 would result in a decision dismissing the case for failure to prosecute.  Id.  On August 8, 2022, Petitioner called the undersigned's Chambers regarding the medical records and was told his motion for extension of time was already granted.  On September 26, 2022, Petitioner missed his fourth deadline to file medical records and failed to comply with the Order to Show Cause.

This matter is now ripe for adjudication.

### B. Factual History

Petitioner alleges that he received a flu vaccine on September 11, 2018, and subsequently developed TM.  Petition at 1.  The petition does not contain any more factual information.  To date, no vaccination records, medical records, or records of any kind have been filed.  Petitioner has not filed an affidavit and there have been no expert reports filed by Petitioner.

## III. DISCUSSION

When a petitioner fails to comply with court orders to prosecute his case, the court may dismiss the case.  Sapharas v. Sec'y of Health & Hum. Servs., 35 Fed. Cl. 503 (1996); Tsekouras v. Sec'y of Health & Hum. Servs., 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 819 (Fed. Cir. 1993); Vaccine Rule 21(c); see also Claude E. Atkins Enters., Inc. v. United States, 889 F.2d 1180, 1183 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); Adkins v. United States, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of cases for failure of party to respond to discovery requests).

Vaccine Program cases that have been dismissed for failure to respond to an Order to Show Cause include but are not limited to: Byrd v. Sec'y of Health & Hum. Servs., 778 F. App'x 924 (Fed. Cir. 2019); Ghasemipor v. Sec'y of Health & Hum. Servs., No. 20-17V, 2020 WL 7497878 (Fed. Cl. Spec. Mstr. Nov. 23, 2020); Flores v. Sec'y of Health & Hum. Servs., No. 20-157V, 2020 WL 5798502 (Fed. Cl. Spec. Mstr. Sept. 2, 2020); Button ex rel. W.S.B. v. Sec'y of Health & Hum. Servs., No. 16-1391V, 2017 WL 2876099 (Fed. Cl. Spec. Mstr. June 5, 2017); Duncan v. Sec'y of Health & Hum. Servs., No. 16-1367V, 2020 WL 6738118 (Fed. Cl. Spec. Mstr. Oct. 19, 2020), mot. for rev. denied, 153 Fed. Cl. 642 (2021).

Not only was Petitioner required to submit medical records with his petition pursuant to Vaccine Rule 2(c)(2) and § 11(c), but Petitioner has also had numerous opportunities over the course of one year, and he has failed to do so.  The undersigned repeatedly warned Petitioner that failure to file the requested medical records would result in the dismissal of the petition for failure to prosecute.  Although the Order to Show Cause permitted Petitioner one last opportunity to show cause why this case should not be dismissed, he did not offer any evidence that he received the flu vaccine and suffered from TM.

Petitioner's failure to file any medical records, failure to respond to the Order to Show Cause, and failure to appear at two status conferences, indicates a disinterest in pursuing his claim. Therefore, the undersigned finds it appropriate to dismiss this case for failure to prosecute.

Additionally, to receive compensation under the Act, Petitioner must prove either (1) that he suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of his vaccinations, or (2) that he suffered an injury that was actually caused by a vaccine. See §§ 11(c)(1), 13(a)(1)(A).

Here, there is not a single record to show that Petitioner received the flu vaccine or that Petitioner has TM. Without evidence of vaccination or proof of injury, the undersigned finds that the record does not support a claim under the Vaccine Act, or otherwise include preponderant evidence demonstrating that Petitioner sustained any vaccine injury.

## IV.     CONCLUSION

Accordingly, this case is **DISMISSED** for insufficient evidence and for failure to prosecute. In the absence of a timely filed motion for review pursuant to Vaccine Rule 23, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.

**IT IS SO ORDERED.**

        **s/Nora Beth Dorsey**
        Nora Beth Dorsey
        Special Master